**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**HARMAR MOBILITY, LLC,**

    **Plaintiff,**

v.                                                                   Case No: 8:17-cv-2903-T-35AEP

**BRUNO INDEPENDENT LIVING AIDS, INC.,**

    **Defendant.**

---

## ORDER OF DISMISSAL WITH PREJUDICE

**THIS CAUSE** comes before the Court for consideration of the Parties' Stipulated Dismissal with Prejudice ("Stipulation"). (Dkt. 17)   The Parties purportedly stipulate to the dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), which states, in pertinent part, that "a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared."   The Court notes that Defendant Bruno Independent Living Aids, Inc. has not filed an appearance in this action.   Thus, Rule 41(a)(1)(A)(ii) is inapplicable.   However, Rule 41(a)(2) states that an action may otherwise be dismissed by court order at the plaintiff's request "on terms that the court considers proper."   Fed. R. Civ. P. 41(a)(2).   Accordingly, the Court construes the Stipulation, (Dkt. 17), as Plaintiff's request that the Court dismiss this action with prejudice.   Plaintiff's construed request is **GRANTED**.   Therefore, pursuant to Rule 41(a)(2), it is hereby **ORDERED** that this case is **DISMISSED WITH PREJUDICE.**

Notwithstanding the Parties' assertion in the Stipulation that they have entered into a settlement agreement ("Agreement") and that the Court "shall retain jurisdiction" to

enforce the terms of the Agreement or resolve any disputes related thereto, the Court declines to retain jurisdiction to enforce the Agreement. To the extent that court intervention is necessary to resolve any dispute concerning the Agreement after the case is finally resolved, an independent basis for jurisdiction would have to be established in order for such dispute to be resolved in this Court. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."); Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1279 (11th Cir. 2012) ("Underlying *Kokkonen* is the well-established proposition that jurisdiction *cannot* exist by mere consent of the parties. To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is *not enough*." (emphasis added) (citation omitted)). The Parties have not provided the Court with an independent basis for the Court's retention of jurisdiction.

**DONE and ORDERED** at Tampa, Florida this 27th day of June, 2018.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Defendant Bruno Independent Living Aids, Inc. at the address listed in the Acceptance of Service (Dkt. 8-1)